Samuel M. Gold, J.
Defendant moves for dismissal of the complaint for legal insufficiency. Plaintiff seeks the recovery *432 of the full minimum wages earned during his- employment with the defendant pursuant to the requirements of the retail (restaurant) wage order of the Industrial Commissioner of the State of New York promulgated pursuant to article 19 of the Labor Law of the State of New York governing wages payable to persons in restaurants. During such employment the plaintiff received no wages, apparently relying on tips.
Section 663-a of the Labor Law provides as follows: “To effectuate the aim of this article and to protect the minimum wage standards and rates provided for women and minors, no male twenty-one years of age or over shall be employed in an occupation at less than the minimum standards or rates of wages fixed for women and minors in such occupation under a minimum wage order.”
Defendant urges that the complaint fails to allege that plaintiff was performing work available to Avomen, the existence of the relationship of master and servant, or that the defendant is engaged in an industry which is subject to the provisions of the minimum wage law.
It is a reasonable inference from the reference in the complaint to the retail (restaurant) wage order that the defendant is engaged in an industry subject to that law. It is also repeatedly alleged in the complaint that the plaintiff was employed by the defendant as his employer as an attendant in the men’s washroom. It is unnecessary to allege whether the plaintiff is a minor or a person over 21 years of age, for whether the plaintiff is a woman, a minor, or male over 21 years of age, the employer and the restaurant industry is required to pay not less than the minimum rates provided in the order of the Industrial Commissioner. Apart from the fact that it would appear that employment of the character here involved is available to minors, it is not a matter for material allegation in the complaint but rather of defense.
The motion is denied.